1   NICOLA T. HANNA
    United States Attorney
2   BRANDON D. FOX
    Assistant United States Attorney
3   Chief, Criminal Division
    LUCY B. JENNINGS (Cal. Bar No. 301977)
4   Assistant United States Attorney
    General Crimes Section
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-5487
7        Facsimile: (213) 894-0141
         E-mail:   lucy.jennings@usdoj.gov
8
    Attorneys for Applicant
9   UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   IN RE: SEARCH WARRANT, ARREST      No. 19MJ03899
     WARRANT, AND COMPLAINT
13                                      GOVERNMENT'S *EX PARTE*
                                        APPLICATION FOR ORDER SEALING
14                                      DOCUMENTS; MEMORANDUM OF POINTS
                                        AND AUTHORITIES; DECLARATION OF
15                                      LUCY B. JENNINGS
16                                      **(UNDER SEAL)**

17        The government applies ex parte for an order directing that the

18   complaint, arrest warrant, search warrants, and all attachments

19   thereto, the application for the search warrants and all attachments

20   thereto, as well as this ex parte application, the memorandum of

21   points and authorities, the declaration of Lucy B. Jennings, and

22   this Court's sealing order, and all documents subsequently filed

23   under this same case number until such time as an unsealing order is

24   issued, be kept under seal until further order of the Court, or

25   until the government determines that these materials are subject to

26   its discovery obligations in connection with criminal proceedings,

27   at which time they may be produced to defense counsel.

28

This _ex parte_ application is based on the attached memorandum of points and authorities, the declaration of Lucy B. Jennings, and the records and files in this case, including the application for search warrants and attachments thereto.

Dated: September 17, 2019         Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
LUCY B. JENNINGS
Assistant United States Attorney
General Crimes Section

Attorneys for Applicant
UNITED STATES OF AMERICA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the search warrants and application for search warrant, and all attachments thereto, as well as this ex parte application and all supporting documents, to maintain the integrity of its investigation. Approval from this Court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41. In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1    Here, for the reasons described in the attached declaration,

2  sealing is necessary to maintain the integrity of the government's

3  investigation.  Accordingly, the government requests that the

4  documents described in the attached declaration be kept under seal

5  until further order of the Court, or until the government determines

6  that these materials are subject to its discovery obligations in

7  connection with criminal proceedings, at which time they may be

8  produced to defense counsel.  The government also requests that the

9  Court's order not limit its ability to provide copies of the search

10  warrants at the time the warrants are executed, as required by

11  Federal Rule of Criminal Procedure 41(f).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF LUCY B. JENNINGS**

I, Lucy B. Jennings, declare as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of search and arrest warrants.

2.    The search and arrest warrants in this case have not yet been executed. The likelihood of discovering the items sought in the search warrants would be diminished if the affidavit in support of the search warrants in this case was made publicly available before the warrant was executed.

3.    Further, public disclosure of the warrants or the information in the warrant application could seriously jeopardize other aspects of the investigation, which is ongoing, and may cause co-conspirators to flee, result in the destruction of or tampering with evidence beyond the scope of the warrant, endanger the life or physical safety of an individual, or cause intimidation of potential witnesses.

4.    Accordingly, the government requests that the complaint, arrest warrants, search warrants and all attachments thereto, the application for the search warrants and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as a unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in

1

1    connection with criminal proceedings, at which time they may be

2    produced to defense counsel.  The government also requests that the

3    Court's order not limit its ability to provide copies of the search

4    warrants at the time the warrants are executed, as required by

5    Federal Rule of Criminal Procedure 41(f).

6         I declare under penalty of perjury under the laws of the United

7    States of America that the foregoing is true and correct and that

8    this declaration is executed at Los Angeles, California, on

9    September 17, 2019.

11                  LUCY B. JENNINGS